Nathan G. Kanute, Esq.
Nevada Bar No. 12413
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: (775) 785-5440
Email: nkanute@swlaw.com

*Attorneys for Prime Victor International Limited*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRIME VICTOR INTERNATIONAL LIMITED,<br><br>  Plaintiff,<br><br>vs.<br><br>SIMULACRA CORPORATION,<br><br>  Defendant. | Case No. 3:23-ms-00014<br><br>**CHARGING ORDER AGAINST SIMULACRA CORPORATION** |

This Court, having reviewed and considered Prime Victor International Limited's ("PVI") Motion for Charging Order against Simulacra Corporation's ("Simulacra") interest in Abyss Creations, LLC ("Abyss"), a Nevada limited-liability company (the "Motion"), and with good cause appear therefor:

IT IS ORDERED that the Motion is GRANTED in its entirety.

IT IS FURTHER ORDERED that Simulacra's interest in Abyss is charged with payment of the remaining balance of the Final Judgment pursuant to Nevada Revised Statutes Section 86.401, as defined in the Motion.

**I.    Prohibitions on Abyss until Judgment is Satisfied**

IT IS FURTHER ORDERED that, until such time as the Final Judgment, including interest and costs, is satisfied in full, Abyss is prohibited, by act or omission, from directly or indirectly:

(1) making any disbursement, distribution, payment, remuneration, loan, gift or transfer to, with respect to, or to any third party for the benefit of, Simulacra without the prior written permission of this Court or PVI;

(2) paying any costs, debts, expenses, liabilities or obligations of, or with respect to, Simulacra without the prior written permission of this Court or PVI;

(3) paying any costs, debts, expenses, liabilities or obligations, the payment of which have or may reasonably be expected to have a direct or indirect benefit to Simulacra (or be directly or indirectly treated, for tax or other purposes, as a transaction, contemplated in clause (1) above), other than reasonable costs, debts, expenses, liabilities or obligations owed to unrelated third parties, which costs, debts, expenses, liabilities or obligations were, in each instance, properly incurred by Abyss in the ordinary course of its trade or business; or

(4) making any capital acquisition without the prior written permission of this Court or of PVI.

## II. General Prohibitions on Abyss

IT IS FURTHER ORDERED that Abyss is prohibited, by act or omission, from directly or indirectly:

(1) allocating or attributing any tax items (*e.g.*, income, profit, gain, loss, deduction, expense or credit) of or with respect to Simulacra to PVI, or any of its affiliates;

(2) issuing any IRS Schedule K-1 or other tax information return, schedule or form (other than as contemplated in clause (3) immediately below) to PVI, or any of its affiliates;

(3) issuing any IRS Form 1099-MISC to PVI or its affiliates, other than an IRS Form 1099-MISC respecting cash remittances actually received by PVI in satisfaction of the Final Judgment, including interests and costs, or

(4) otherwise reporting any income, gain, or profit of Abyss to PVI or its affiliates.

## III. Prohibitions on Simulacra until Judgment is Satisfied

IT IS FURTHER ORDERED that, until such time as the Final Judgment, including interest and costs, is satisfied in full, Simulacra is prohibited, by act or omission, from directly or

indirectly:

(1) accepting (including by way of benefiting from a payment of a cost, debt, expense, liability or obligation), any disbursement, distribution, payment, remuneration, loan, gift, transfer from Abyss or the same traced from Abyss through a third-party without the prior written permission of this Court or PVI;

(2) transferring any membership interest (and any other, option, warrant, security or equity interest) held directly, indirectly or beneficially by Simulacra in or with respect to Abyss, to any individual, firm, corporation, partnership, limited liability company, trust, estate, association or other legal entity without the prior written permission of PVI;

(3) causing or allowing Abyss to issue any new or additional membership interest (and/or any other, option, warrant, security or equity interest) in Abyss; or

(4) selling, encumbering, hypothecating, or modifying Simulacra's interest in Abyss.

### IV.    General Prohibitions on Simulacra

IT IS FURTHER ORDERED that Simulacra is prohibited, by act or omission, from directly or indirectly allowing or causing Abyss from engaging in any activity which Abyss is prohibited from engaging in as contemplated in this Order.

### V.    General Requirements of Simulacra and Abyss

IT IS FURTHER ORDERED that Simulacra and Abyss are required to:

(1) allocate and attribute all of Abyss' tax items of income, gain, profit, loss, deduction and credit to Simulacra;

(2) timely file all tax and information returns respecting such tax items to Simulacra, consistent with such allocation and attribution to Simulacra; and

(3) timely pay all taxes due respecting such tax returns.

### VI.    Requirements of Simulacra and Abyss until Judgment is Satisfied

IT IS FURTHER ORDERED that, until such time as the Final Judgment, including interest and costs, is satisfied in full, Simulacra and Abyss are required to:

(1) file with this Court, not later than the 15th calendar day of each month, a report

detailing, with respect to the immediately preceding calendar month, the gross income of Abyss, the expenses of Abyss, and the income allocable or attributable to Simulacra with respect to Abyss; and

(2) remit to PVI, by wire transfer of U.S. dollars, by no later than the 15th calendar day of the month, all available income, cash and proceeds otherwise disbursable, distributable, payable, remunerable, loanable, gift-able or transferable to Simulacra.

For purposes of clarification only, until such time as the Final Judgment, including interest and costs, is satisfied in full, any and all disbursements, loans, distributions, payments, remunerations, gifts or transfers of any kind (including, but not limited to credits, drawings or payments), which would otherwise be made to or for the benefit of Simulacra by Abyss, shall instead be made to PVI; *provided, however,* that any amount which would otherwise be loaned to Simulacra shall be treated as paid (and not loaned) to PVI.

### VII.   General

IT IS FURTHER ORDERED that PVI has the rights of an assignee of Simulacra's interest in Abyss and, therefore, does not have any of the obligations of Simulacra to or with respect to Abyss or its creditors.

IT IS FURTHER ORDERED that this Order does not grant a foreclosure on Simulacra's interest in Abyss.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: November 27, 2023

Submitted by:

SNELL & WILMER L.L.P.

By /s/ *Nathan G. Kanute*
Nathan G. Kanute (NV Bar No. 12413)
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
*Attorneys for Plaintiff Prime Victor International Limited*